**NATIONAL LABOR RELATIONS BOARD v. CENTURY PROJECTOR CORPORATION.**

No. 236.

Circuit Court of Appeals, Second Circuit.

March 21, 1944.

James C. Paradise, of New York City, for the Board.

R. Randolph Hicks, of New York City, for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

■ The Board's order directed the employer to reinstate three employees, and to recognize a C. I. O. local in its plant as the accredited bargaining representative of an "appropriate unit." In both respects its validity depends upon the findings; and the validity of the findings, upon the evidence. Early in July of 1942 each of the three employees in question began to be openly active in electioneering in favor of a C. I. O. local; they were all three discharged within one or two days thereafter. Two of them had worked for a year and had received advances in pay. As to one of the two, Persky, the employer had answered to a selective service questionnaire that he was "essential," and that it would take two years to train anyone to replace him. The other of the two, Decker, had twice asked to be released, and had each time been kept by being given an advance;

indeed, there was an issue whether he was finally discharged at all, for in July he had a third time asked to be released. It is true that the third, Morrison, had only come to the plant late in June; and if he had not been discharged along with the other two, the case in his favor would have been much weaker. The company said that it discharged Decker and Morrison because they had caused a disorderly gathering in front of the plant, premonitory of a strike; and that it discharged Persky for neglecting his work. As usual, the testimony was conflicting, and the choice depended upon whom one believed. Why, in such circumstances, employers keep asking us to review the Board's findings, we find it hard to understand.

The other question is whether the company refused to recognize the C. I. O. local, and favored the substitution of an A. F. L. local. The Board found that by July 13, a majority of the employees had joined the C. I. O.; and that Kaplan, the plant manager, already on July 10th had showed an unwillingness to accept the union. On the 13th he refused to receive a letter addressed to him by a union official, Stonkus, which demanded recognition, though he swore, perhaps truthfully, that he thought it only concerned Persky's discharge. The union then filed a charge against him and he met its representatives at a regional director's office on the 23rd. The result was inconclusive, as was that of two later meetings on the 27th and the 31st. The Board has found that all these meetings and dealings, coupled with his later recognition of the A. F. L. union, amounted to a refusal to recognize the C. I. O. union; and there was clearly basis for that conclusion.

Matters dragged along through August, and before the end of September the A. F. L. had succeeded in enrolling more than a majority of the employees. When that had happened, Kaplan, who had once been president of an A. F. L. local himself, made a contract with that union. The Board found that because of Kaplan's refusal to deal with the C. I. O., the A. F. L. was not the free choice of the employees, and that the company must bargain with the C. I. O. local. We have repeatedly held, following the Supreme Court, that, as to the effect upon the will of employees of such indications of an employer's preference, the Board's word is final. National Labor Relations Board

v. Standard Oil Co., 2 Cir., 138 F.2d 885, is our last discussion of the matter, to which we refer.

An enforcement order will pass.